DLD-301                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2016
_____

PATRICK OKEY,
                                                    Appellant

v.

CPT DANIEL STREBIG, York County Prison;
WARDEN DOLL, York County Prison
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00609)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 23, 2013)

_____

OPINION
_____

PER CURIAM

        Patrick Okey, an inmate at the Pennsylvania State Correctional Institute at Mercer,

appeals from the order of the United States District Court for the Middle District of

Pennsylvania denying his motion to alter or amend the District Court's order dismissing his complaint for failure to state a claim. We will summarily affirm. See Third Circuit LAR 27.4 and I.O.P 10.6.

## I.

Because we write primarily for the parties, we recount only the essential facts and procedural history. Okey, proceeding pro se and in forma pauperis, filed a second amended complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Appellees Captain Daniel Strebig and Warden Doll during his incarceration at York County Prison. Okey alleges that he was assaulted by four inmates after Strebig told the inmates what crime Okey was incarcerated for. Okey also claims that he was confined in segregation for years, which caused mental anguish. Finally, Okey alleges that he submitted grievances to Doll concerning both the assault and his segregated confinement, but that nothing was done in response.

Appellees moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The District Court denied the motion as to Okey's Eighth Amendment claim against Strebig, but granted the motion in all other respects. The Court provided Okey with thirty days in which to cure the deficiencies in his remaining claims; Okey did not do so, and the District Court consequently dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Okey filed a motion to alter or amend the Court's judgment, pursuant to Fed. R. Civ. P. Rule 59(e), which the District Court subsequently denied. This appeal followed.

2

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also U.S. v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000). Our review of the District Court's order dismissing the complaint is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review a District Court's denial of reconsideration for abuse of discretion. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).[1]

## III.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must present facts that, if true, show a facially plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fleisher v. Standard Ins. Co., 679 F.3d 116 (3d Cir. 2012). We agree with the District Court that Okey's amended complaint fails to state a claim against either Appellee.

A. Failure to Protect & Failure to Intervene

---

[1] An appeal from a denial of a motion for reconsideration also "brings up the underlying judgment for review," Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986) (internal quotation marks omitted), and Federal Rule of Appellate Procedure 4(a)(4)(A) provides that, if a such a motion was timely filed, "the time to appeal begins to run from the district court's disposition of the motion," Long v. Atlantic City Police Dept., 670 F.3d 436, 438 (3d Cir. 2012). Okey filed his motion for reconsideration and his notice of appeal in a timely fashion, and thus we have jurisdiction to review both the denial of reconsideration and the underlying judgment. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (concluding that the court had jurisdiction to review the

A prison official cannot be found liable under the Eighth Amendment for failure to protect an inmate unless the official subjectively knew of and chose to disregard a substantial risk of serious harm to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Beers-Capitol v. Whetzer, 256 F.3d 120, 125 (3d Cir. 2001). Okey's amended complaint alleged that he was assaulted by four inmates who mentioned that Strebig had told them of Okey's criminal charges. Even if these allegations are true, the amended complaint does not allege or allow for the reasonable inference that Strebig subjectively knew of any substantial risk of harm Okey might face from these inmates once they were told of Okey's criminal charges. This is fatal to his Eighth Amendment failure to protect claim.

Okey's failure to intervene claim also fails because the amended complaint does not allege that Strebig failed or refused to intervene during the assault when there was a realistic and reasonable opportunity to do so. Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002); see also Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012).

B. Placement in Segregation

Okey alleges that he was kept in segregated housing for years and suffered mental anguish as a result. Okey's allegation fails to state a claim because it does not implicate a liberty interest. A prisoner's procedural due process rights are violated when he is deprived of a legally cognizable liberty interest, which occurs when the prison "imposes

underlying order dismissing the complaint because the plaintiff's "timely Rule 59(e) motion tolled the time to file a notice of appeal.").

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). When considering whether an inmate's placement in segregated housing triggers a legally cognizable liberty interest, courts must consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation. Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (citing Sandin, 515 U.S. at 486). We agree with the District Court that Okey has failed repeatedly to allege any restrictions he was subject to in segregation, thereby making it impossible to conclude that Okey was subject to conditions that were significantly more restrictive than other inmates in segregation.

C. Interaction with the Prison Grievance System

We agree with the District Court that Okey has failed to state a claim against Doll in regard to his interaction with the prison grievance system.[2] According to Okey, he filed grievances regarding the assault and his segregation but nothing was done by Doll in response. Assuming that this means that Okey did not receive a favorable response,

---

[2] Construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Okey's allegation that nothing was done by Doll in response to his filed grievance concerning his assault and confinement may be a claim of denial of access to the courts. Where an inmate does not suffer an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated. Lewis v. Casey, 518 U.S. 343, 351-54 (1996). Here, Okey alleges that Doll did nothing in response to his filed grievances but that Doll told him that the York County District Attorney's Office would be notified. The amended complaint does not state whether Doll did notify the District Attorney's office, but it does not contain any allegations that his ability to litigate his claims in the District

"[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Flanagan v. Shively, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992).

## IV.

Thus finding no substantial question raised by this appeal, we summarily affirm the decision of the District Court.[3]

---

Court was prevented or frustrated in anyway. Therefore, Okey has failed to state a claim that his right of access to the courts has been violated.

[3] The District Court did not abuse its discretion in denying Okey's motion for reconsideration, as it did not identify any of the grounds required for reconsideration. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2009).